CHARLES E. GRACE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grace v. Commissioner
Docket No. 14058-79.
United States Tax Court
T.C. Memo 1981-624; 1981 Tax Ct. Memo LEXIS 119; 42 T.C.M. (CCH) 1536; T.C.M. (RIA) 81624; October 26, 1981. Charles E. Grace, Sr., pro se. Kristine A. Roth, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's federal income taxes as follows: Year
Deficiency
1975
$ 1,454.23
1976
967.00
Various concessions having been made by the parties, only two issues remain for decision: 1) Whether petitioner is entitled to deductions in 1975 and 1976 for alleged losses resulting from the bankruptcy of Federatioin *120 Workers' Credit Union, Inc.; and (2) whether petitioner is entitled to claim as dependents in the year 1976 his three children, his entranged spouse and one grandchild. FINDINGS OF FACT Petitioner resided in Cleveland, Ohio at the time he filed the petition in this case. Petitioner timely filed his federal income tax returns for the years 1975 and 1976 with the Internal Revenue Service at Cincinnati, Ohio. During the years in issue, petitioner had an estranged wife, three children and one grandchild. OPINION Petitioner has conceded the correctness of respondent's adjustments to his taxable income (after a concession by respondent) except as to the following items: 1) A casualty or theft loss deduction in the amount of $ 26,900 claimed by petitioner in 1975 and disallowed by respondent. 2) A short-term capital loss carryover deduction in the amount of $ 26,000 claimed by petitioner in 1976 and disallowed by respondent. 3) Dependency exemptions taken by petitioner in 1976 for his estranged wife, three children and one grandchild and disallowed by respondent. It appears from the record that the casualty or theft loss deduction claimed for 1975 and the short-term *121 capital loss carryover deduction claimed for 1976 are derived by petitioner from the same set of facts - namely, the bankruptcy in the early 1970s of Federation Workers' Credit Union, Inc. and the alleged loss by petitioner of certain funds deposited therein. Petitioner has introduced an array of confusing, conclusory and contradictory documents to support his claim of loss. At trial, it appeared that a large part of this "loss" was computed by petitioner as imputed interest from the time he first made a claim against the credit union for a return of funds. Petitioner was unclear, however, about just how much "principal," if any, was lost in the bankruptcy and how he computed this interest. On these facts, petitioner has failed to satisfy his burden of showing that he has suffered any deductible loss in 1975 or that he had any capital loss to provide a carryover deduction against his 1976 income. As to the issue of whether petitioner may claim dependency exemptions for his estranged wife, three children and one grandchild, petitioner has conceded that none of these individuals resided with him during the year 1976. Petitioner's testimony regarding how much money he contributed *122 to the support of these individuals was vague and inconclusive: Petitioner was not sure how much income these individuals received from independent sources, such as welfare and outside jobs, or how many dollars he paid out on behalf of these individuals in 1976. Petitioner produced no receipts. Petitioner has failed to show that his estranged spouse had no gross income in 1976 or was not the dependent of another taxpayer in that year. Sec. 151(b). [1] Petitioner has also failed to show he provided over half of the support of his three children and one grandchild in 1976. Sec. 152(a). Consequently, petitioner is entitled to no dependency exemptions for these individuals in that year. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specifically indicated.↩